IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] JOSE REYES-VALDIVIA,<br>[2] WILFREDO EL LIS BOLIVAR,<br>[3] JEFFRI DAVILA-REYES,<br>Defendants | CRIM. NO. 15-721(FAB) |

### GOVERNMENT'S MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT OF JURISDICTION

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America, by and through the undersigned Special Assistant United States Attorney, and moves this Honorable Court as follows:

### BACKGROUND

On or about October 29, 2015, a Maritime Patrol Aircraft (MPA) located go fast vessel (GFV) approximately 35' in length operating in international waters approximately 30NM SE of San Andres Island, Colombia. United States Coast Guard (USCG) District 7 (D7) assumed Tactical Control (TACON) of the United Kingdom naval vessel, RFA LYME BAY, and diverted the ship to intercept the vessel. After the MPA flew low enough to be detected, the aircraft crew observed the subjects on board the vessel jettison numerous packages and fuel barrels while heading south between 35-45 knots. Prior to throwing some objects overboard, the subjects on board appeared to be breaking open brick-sized packages against the hull of the vessel then dumping a white powdery substance into the water. The aircraft crew also observed white powder wafting in the air as the packages were being broken open. The subjects then began throwing large packages, described as

Motion in Limine and Memorandum of Law in Support of Jurisdiction
U.S. v. REYES-VALDIVIA, et al., CR 15-721(FAB)
Page 2

bales, overboard. In total, 11 bale-like objects were seen thrown overboard. Based on the size and shape of the packages, the MPA crew believed the packages to contain contraband.

While tracking the go-fast vessel, the MPA also observed what was believed to be a Costa Rica flag painted on the port bow. A helicopter from the LYME BAY was deployed to intercept the vessel. Once it was on scene, the go fast became compliant and went dead in the water. A small boat from the LYME BAY carrying a U.S. Coast Guard (USCG) Boarding Team later arrived on scene. The Boarding Team commenced Right to Approach (ROA) questioning under international law. The master initially stated the vessel had no nationality but later claimed Costa Rican nationality for the vessel. (See Attachment 1). He did not provide any registration paperwork. The Boarding Team reported no further indicia of nationality on the vessel. The government of Costa Rica was approached to either confirm or deny vessel registry. Costa Rica responded that it could not confirm nor refute the registry of the suspect vessel. (See Attachment 2). As a result, the vessel was determined to be one without nationality.

The USCG Boarding Team boarded the vessel. The three persons on board were removed for safety concerns. The Boarding Team conducted IONSCAN swipes of the vessel, getting positive results for the presence of cocaine on multiple surfaces, including the transom, throttles, port and starboard rail, 55 gallon fuel drums and a bench. Furthermore, all three of the subjects' hands and clothes tested positive for the presence of cocaine. Additional narcotics were not located on the boat. The vessel was found to be taking on water and was determined to be unsuitable to tow. The vessel was eventually destroyed as a hazard to navigation.

The individuals on the suspect vessel were the Defendants, Jose Reyes-Valdivia, Wilfredo Elliz-Bolivar, and Jeffri Davila-Reyes. All three individuals were detained for suspicion of drug trafficking and subsequently transferred to U.S. Naval Base Guantanamo Bay, Cuba where they were turned over the agents from the Federal Bureau of Investigations (FBI). The Defendants were

Motion in Limine and Memorandum of Law in Support of Jurisdiction
U.S. v. REYES-VALDIVIA, et al., CR 15-721(FAB)
Page 3

then transported to San Juan, Puerto Rico, which was the first place the entered the United States following the commission of the aforesaid offense.

## ARGUMENT

The United States asserts jurisdiction with regards to Count One and Count Two of the Indictment under the Maritime Drug Law Enforcement Act (MDLEA) Title 46, United States Code, Section 70501, *et seq.*. That section provides the statutory definitions as to what constitute, "vessel[s] subject to the jurisdiction of the United States." The subsection states in pertinent part that, "[i]n this chapter, the term 'vessel subject to the jurisdiction of the United States' includes— (A) a vessel without nationality; . . . ." 46 U.S.C. § 70502(c)(1)(A).

The vessel in question in this case is a 35' low profile, open hull, "go-fast-type" vessel with two powerful, 200 horsepower engines (see Attachment 3) is subject to the jurisdiction of the United States pursuant to subsection (A) of Title 46, United States Code, Section 70502(c)(1). In the instant case, a USCG boarding team interdicted the suspect vessel after a lengthy pursuit by aircraft in international waters during which the persons on board, later identified as the Defendants, jettisoned multiple suspicious packages into international waters.

Upon right of approach questioning, Defendant Reyes-Valdivia identified himself as the master and actually stated that the vessel had no nationality. (See Attachment 1). However, he later changed his answer and claimed Costa Rican nationality for the vessel. *Id.* However, no registration paperwork was presented to the Boarding Officer. The Boarding Officer also noted the absence of any name, hailing port, or registration numbers on the hull. (See Attachments 4-5). Furthermore, the vessel was not flying any flag. Despite these facts corroborating the original claim of no nationality, the Government of the United States of America, in an abundance of caution, approached the Government of Costa Rica requesting that Costa Rica confirm or deny the masters claim of registry of the suspect vessel and if confirmed, grant authorization to search the

vessel. The Government of the Costa Rica responded that it could neither confirm nor deny the claim that the go-fast vessel was registered in Costa Rica. (See Attachment 2).

Title 46, United States Code, Section 70502(d)(2) indicates that a, "response of a foreign nation to a claim of registry under paragraph (1)(A) or (C) … is proven conclusively by certification of the Secretary of State or the Secretary's designee." On February 25, 2016, Commander Gregory M. Tozzi, United States Coast Guard, acting as the United States Coast Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement Affairs under the authority vested in him through his designation by the Secretary of State, through the Assistant Secretary of State of International Narcotics and Law Enforcement Affairs, certified that the Government of Costa Rica was approached and could neither confirm nor deny registry of the go-fast vessel, thereby enabling the United States to treat the vessel as one without nationality pursuant to Section 70502(d)(C). (See Attachment 2).

Finally, Title 46, United States Code, Section 70504(a) and (b) refers to jurisdiction and venue, and states in pertinent part that "[j]urisdiction of the United States, with respect to vessels subject to this chapter is not an element of any offense. All jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." Wherefore, the United States respectfully requests that this Honorable Court find, as a matter of law, that the vessel in question was subject to the jurisdiction of the United States, as defined in Title 46, United States Code, Sections 70502(c)(1)(A) and (d)(1)(C).

As such, there is ample evidence before the Court to determine that the vessel carrying the Defendants was without nationality and therefore a "vessel subject to the jurisdiction of the United States." Because this issue is a preliminary matter of law under the MDLEA, the jurisdiction over the vessel should not be litigated during trial or submitted to the jury as an element of the offense.

Motion in Limine and Memorandum of Law in Support of Jurisdiction
U.S. v. REYES-VALDIVIA, et al., CR 15-721(FAB)
Page 5

**WHEREFORE**, the Government respectfully requests that this Honorable Court 1) **ENTER** a finding of law that the suspect vessel carrying the Defendants was a vessel subject to the jurisdiction of the United States, and 2) prior to the beginning of testimony in this case, preliminarily **INSTRUCT** the jury pursuant to Title 46, United States Code, Section 70502(c)(1)(A) and (d)(1)(C) that the suspect vessel carrying the Defendants was a vessel Without Nationality and therefore subject to the jurisdiction of the United States; and any other further relief that may, in this case, be just and proper.

**RESPECTFULLY SUBMITTED** this 25th day of March 2016.

    ROSA EMILIA RODRIGUEZ-VELEZ
    United States Attorney

    /s/ *Glenn H. Goetchius*
    Glenn H. Goetchius, G01910
    Special Assistant U.S. Attorney
    Torre Chardon
    350 Avenida Carlos Chardon, Suite 1201
    San Juan, Puerto Rico 00918-2142
    787/766-5656
    Facsimile 787/766-6222
    glenn.h.goetchius@usdoj.gov

**CERTIFICATE OF SERVICE PURSUANT TO FED.R.CIV.P. 5(b)(2)(E)**

I hereby certify that I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel(s) of record on March 25, 2016.

/s/ *Glenn H. Goetchius*
Glenn H. Goetchius, G01910