# United States Court of Appeals
## For the First Circuit

_____

No. 16-2089

UNITED STATES,

Appellee,

v.

JEFFRI DAVILA-REYES,

Defendant - Appellant.

_____

No. 16-2143

UNITED STATES,

Appellee

v.

JOSE REYES-VALDIVIA,

Defendant - Appellant.

_____

Before

Barron, Chief Judge,
Lynch, Thompson, Kayatta,
and Gelpí, Circuit Judges.

_____

**ORDER OF COURT**

Entered: July 5, 2022

    A majority of the active judges who are not disqualified have voted to hear this case en banc. Accordingly, the petition for rehearing en banc is granted. In accordance with customary practice, the panel opinion released on January 20, 2022 is withdrawn, and the judgment entered the same date is vacated. See 1st Cir. I.O.P. X(D).

The en banc court will have copies of the parties' previously filed briefs. The parties are also directed to file simultaneous supplemental briefs addressing the following questions, in addition to any other questions the parties may wish to address.

1. The prosecution proceeded with the assertion by the government that 46 U.S.C. § 70502(d)(1)(C) provides jurisdiction under the MDLEA to bring this prosecution because the defendants were on:

    > a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality.

    What basis, if any, is there for applying this provision to claims of nationality, such as the claim that was made in this case? Did the government waive any argument that the provision applies to claims of nationality by failing to raise it, including in its response to the panel's January 2019 briefing order? Did the defendants waive any argument that the provision does not apply to claims of nationality by failing to raise it? Should any such waiver by either party be excused?

2. Do the defendants' plea agreements, guilty pleas, or other actions foreclose an argument on appeal that § 70502(d)(1)(C) does not cover claims of nationality and that, accordingly, their prosecutions are unlawful for lack of United States jurisdiction over their vessel and them?

3. If § 70502(d)(1)(C) does not provide enforcement jurisdiction over defendants and their vessel, what is the alternative basis for such jurisdiction, if any, in the provisions of the MDLEA, international law, or some other source of authority?

4. If there is such an alternative basis, has the government waived or forfeited any argument that jurisdiction to bring the prosecution exists under that basis? Should the court excuse any such waiver or forfeiture? How, if at all, do principles of due process bear on whether any such alternative basis for jurisdiction may be relied on in this case?

5. Insofar as the protective principle supplies an alternative basis for MDLEA jurisdiction, would that principle -- as recognized under international law -- apply here?

6. What effect does United States v. Aybar-Ulloa, 987 F.3d 1 (1st Cir. 2021) (en banc), have on this court's protective-principle jurisprudence or on any other issue in this case?

7. Is Congress's power under the Define and Punish Clause of the U.S. Constitution constrained by principles of international law?

8. Assuming § 70502(d)(1)(C) applies to claims of nationality, what authority supports the propositions that the provision (a) was enacted within the scope of Congress's authority under the Felonies Clause and (b) is consistent with international law?

The supplemental briefs should be filed simultaneously on or before **July 26, 2022**. Such briefs should not exceed 30 pages, and shall otherwise comply with applicable rules concerning format, service and other requirements.

Amici are welcome to file amicus briefs, also not to exceed 30 pages per brief, no later than 7 days after the principal supplemental briefs are filed, but must seek prior leave of court.

Any reply supplemental briefs must be filed by the parties no later than 21 days after the amici briefing deadline. Reply briefs are limited to 15 pages.

The en banc hearing will be scheduled for Tuesday, **October 18, 2022, at 10:00 a.m.**

By the Court:

Maria R. Hamilton, Clerk

cc:
Thomas F. Klumper
Mariana E. Bauza Almonte
John Michael Pellettieri
Nicholas G. Smith
David Christian Bornstein
Raymond Luis Sanchez-Maceira
Vivianne Marie Marrero-Torres
Eric A. Vos
Liza Lorraine Rosado-Rodriguez
Franco L. Perez-Redondo